STATE OF MAINE                          SUPERIOR COURT
ANDROSCOGGIN, ss.                       CIVIL ACTION
                                        DOCKET NO. CV-12-187
                                        MGK AND- 2/13/2013


GFI AUBURN PLAZA REALTY, LLC,
        Plaintiff
                                        ORDER ON PLAINTIFF'S
v.                                      MOTION FOR
                                        PRELIMINARY
                                        INJUNCTION

WEBSTER BANK, N.A.,
        Defendant


The complaint in this case alleges that Defendant Webster Bank improperly recorded in the Androscoggin County Registry of Deeds a preliminary injunction order entered by the Massachusetts Superior Court in separate litigation.[1] The Massachusetts Order enjoined Plaintiff Auburn Plaza from "conveying, assigning, transferring, pledging, encumbering, mortgaging, receiving, liquidating, dissipating or in any manner disposing of" a minority interest in the company owned by Steven E. Goodman.

Auburn Plaza alleges that it has a pending transaction to refinance the debt on its property, which will save it $400,000.00 a year for the next 10 years. (Compl. ¶¶ 7, 9.) However, the lender has indicated that it will not close the deal because of the Massachusetts Order recorded in the Registry of Deeds. (Compl. ¶ 10.) Count I asks the Court for a declaration that the Massachusetts Order was improperly recorded and has no effect on Auburn Plaza's title, Count II is for slander of title, and Count III is for interference with a contract or prospective economic advantage. Presently before the Court, pursuant to Maine Rule of Civil Procedure 65(b), is Auburn Plaza's motion for a preliminary injunction enjoining

---

[1] In that action, the Bank is the plaintiff and brought suit against a gentleman named Steven E. Goodman in the Massachusetts Superior Court for Suffolk County. In 2007, Mr. Goodman entered into an agreement whereby he guaranteed all payment obligations owed by Village on the Common Realty, a Massachusetts LLC, to the Bank. After the Village defaulted on its obligations to the Bank, the Bank successfully foreclosed on the property. There remained a deficiency of $4,801,829.00, and the Bank seeks to recover it from Mr. Goodman in Massachusetts Superior Court. The Bank named Auburn Plaza as a "reach and apply" defendant because Mr. Goodman has a minority financial interest in the company.

1

the Bank from enforcing the Massachusetts Order and correcting the public record. The motion alleges that Auburn Plaza will suffer irreparable harm without the injunction because the Bank has caused a cloud on its title, and "it will suffer the loss of a prime opportunity to refinance its debt."

A party seeking injunctive relief has the burden of demonstrating that four

elements exist:

> (1) [I]t will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting the injunctive relief would inflict on the other party; (3) it has a likelihood of success on the merits . . . ; and (4) the public interest will not be adversely affected by granting the injunction.

*Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.*, 2003 ME 140, ¶ 9, 837 A.2d 129.

An irreparable injury is an "injury for which there is no adequate remedy at law."[2] *Id.* ¶ 10. The moving party has the burden to provide "evidence sufficient to support its claims of irreparable injury." *Id.* ¶ 12. Ordinarily, "economic injury standing alone generally will not constitute irreparable injury." *Me. Cent. R.R. Co. v. Brotherhood of Maint. of Way Emps.*, 646 F. Supp. 367, 371 (D. Me. 1986).

In this case, Auburn Plaza has not demonstrated that a remedy at law is inadequate to compensate its claimed injury. To the contrary, Auburn Plaza alleges in its complaint that without an injunction it will lose an opportunity to refinance its debt worth $400,000.00 a year for the next 10 years. Thus, its alleged damages are easily quantifiable.

Furthermore, the record does not adequately demonstrate that Auburn Plaza has sustained any injury at all. The complaint does not address the possibility that the current lender would close the transaction once the litigation is resolved, or that another lender would refinance the debt. Because Auburn Plaza does not affirmatively argue that it will lose the opportunity to refinance altogether, it cannot demonstrate a cognizable injury.

---

[2] "The normal remedy at law is, of course, damages." *Cyr v. Ruotolo*, 1985 Me. Super. LEXIS 371, *18 (Dec. 27, 1985). Thus, an injunction may issue when "damages would not fairly compensate the plaintiff." *Id.*

2

As to likelihood of success on the merits, the recording statute in Maine indicates that recording is permitted under the present circumstances: "Registers shall receive and record all . . . copies of judgments and decrees certified by the clerk of courts in the county where the complaint is pending or the judgment or decree is rendered." 33 M.R.S.A. § 654. However, because recording the Massachusetts Order is a form of enforcement, the Bank must comply with the filing requirements of the Uniform Enforcement of Foreign Judgments Act, 14 M.R.S.A. §§ 8003-8004. Counsel for the Bank has indicated that it plans to comply with the Act in the near future in order to resolve any impediment to enforcing the Massachusetts Order, through recording or otherwise. As to Auburn Plaza's claims for slander of title and tortious interference with a prospective economic advantage or contract, the motion likewise does not demonstrate a likelihood of success on the merits.[3]

Because Auburn Plaza cannot demonstrate irreparable injury or a likelihood of success on the merits, injunctive relief is denied.

The entry will be:

Plaintiff's motion for preliminary injunction is DENIED.

_2/13/13_
DATE

_____
SUPERIOR COURT JUSTICE

---

[3] In particular, Plaintiff submits no evidence that the Massachusetts Order constituted a "false statement," as required for a slander of title claim. *See Colquhoun v. Webber*, 684 A.2d 405, 409 (Me. 1996). Plaintiff also submits no evidence of "fraud or intimidation," as required for a tortious interference with a prospective economic advantage or contract claim. *See Rutland v. Mullen*, 2002 ME 98, ¶ 13, 798 A.2d 1104; *Grover v. Minette-Mills, Inc.*, 638 A.2d 712, 716 (Me. 1994).

GFI AUBURN PLAZA REALTY LLC - PLAINTIFF

Attorney for: GFI AUBURN PLAZA REALTY LLC
PATRICK D THORNTON  - RETAINED
MONAGHAN LEAHY LLP
95 EXCHANGE ST
PO BOX 7046
PORTLAND ME 04112-7046


vs
WEBSTER BANK NA - DEFENDANT

Attorney for: WEBSTER BANK NA
CHRISTOPHER P MULLIGAN  - RETAINED 12/31/2012
BOSEN & SPRINGER PLLC
96 CHESTNUT STREET
PORTSMOUTH NH 03801

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2012-00187


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 12/13/2012

## Docket Events:

12/13/2012 FILING DOCUMENT - COMPLAINT FILED ON 12/13/2012

12/13/2012 Party(s):  GFI AUBURN PLAZA REALTY LLC
           ATTORNEY - RETAINED ENTERED ON 12/13/2012
           Plaintiff's Attorney: PATRICK D THORNTON

12/13/2012 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/13/2012

12/13/2012 Party(s):  GFI AUBURN PLAZA REALTY LLC
           MOTION - MOTION PRELIMINARY INJUNCTION FILED ON 12/13/2012
           WITH DRAFT ORDER

12/17/2012 Party(s):  WEBSTER BANK NA
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 12/17/2012
           CHRISTOPHER MULLIGAN

12/17/2012 Party(s):  WEBSTER BANK NA
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/17/2012
           OBJECTION TO REQUEST FOR TEMPORARY RESTRAINING ORDER

12/31/2012 Party(s):  WEBSTER BANK NA
           RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 12/31/2012

12/31/2012 Party(s):  WEBSTER BANK NA
           ATTORNEY - RETAINED ENTERED ON 12/31/2012
           Defendant's Attorney: CHRISTOPHER P MULLIGAN

12/31/2012 ORDER - SCHEDULING ORDER ENTERED ON 12/31/2012
           MARYGAY  KENNEDY , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-187
MGK AND - 6/24/2013

GFI AUBURN PLAZA REALTY, LLC,
    Plaintiff

v.

RECEIVED & FILED

JUN 2 4 2013

ANDROSCOGGIN
SUPERIOR COURT

ORDER ON PLAINTIFF'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT

WEBSTER BANK, N.A.,
    Defendant

Before the Court is Plaintiff GFI Auburn Plaza's motion for partial summary judgment with respect to Count I of its complaint against Defendant Webster Bank. Count I seeks a declaration that Defendant had a Massachusetts injunction against Plaintiff improperly recorded in the Androscoggin County Registry of Deeds, and that the injunction "has no effect on the title of Auburn Plaza's real property, or its ability to mortgage the same."

## BACKGROUND

The following facts are undisputed unless otherwise noted. Plaintiff GFI Auburn Plaza Realty, LLC (Auburn Plaza) and Defendant Webster Bank (the Bank) are involved in ongoing litigation in the Massachusetts Superior Court for Suffolk County (the Massachusetts litigation). In that action, commenced February 28, 2011, the Bank as plaintiff sued Steven E. Goodman pursuant to a personal guarantee he made on certain obligations of another entity.[1] The Bank named Auburn Plaza as a "reach and apply"

---

[1] In 2007, Mr. Goodman entered into an agreement whereby he guaranteed all payment obligations owed by Village on the Common Realty, a Massachusetts LLC, to the Bank. After Village defaulted on its obligations to the Bank, the Bank successfully foreclosed on the property. There remained a deficiency of $4,801,829.00, and the Bank seeks to recover it from Mr. Goodman in Massachusetts Superior Court.

1

defendant because Mr. Goodman purported to have a minority financial interest in the company.

On April 22, 2011, the Massachusetts Superior Court entered an order granting a preliminary injunction in favor of the Bank (the Massachusetts injunction). The Massachusetts injunction enjoined reach and apply defendant Auburn Plaza from "conveying, assigning, transferring, pledging, encumbering, mortgaging, receiving, liquidating, dissipating or in any manner disposing of the interest of . . . Steven E. Goodman in [Auburn Plaza] or in any other asset which [Auburn Plaza] may hold for the benefit of Steven E. Goodman."[2] Thus, the Massachusetts injunction essentially froze Mr. Goodman's interest in Auburn Plaza so that it would be available in the event the Bank succeeded against Mr. Goodman.

On April 27, 2011, the Bank caused a copy of the Massachusetts injunction to be recorded in the Androscoggin County Registry of Deeds. The Bank concedes that it did not submit to the jurisdiction of any Maine court under the Uniform Enforcement of Foreign Judgments Act, 14 M.R.S.A. §§ 8003, 8004, before recording the Massachusetts injunction.

Auburn Plaza owns real property located at 730 Center Street, Auburn, by virtue of a deed recorded in the Androscoggin County Registry of Deeds. Auburn Plaza attempted to refinance the property, and discovered that the Massachusetts injunction had been recorded. As a result, the lender indicated that it would not close the deal until the injunction was released of record.[3]

---

[2] Similarly, it enjoined Mr. Goodman himself from taking any of those actions with respect to his interest in Auburn Plaza.

[3] The Bank objects to this fact on the basis that the record citation is defective. The Court agrees; however, the fact is not material because it relates to Auburn Plaza's claimed damages, which are not at issue here. The Court includes it here for context.

2

On December 13, 2012, Auburn Plaza, now as plaintiff, brought the current suit against the Bank as defendant. At issue here, Count I (declaratory judgment) seeks a declaration that the Massachusetts injunction was improperly recorded, and that it "has no effect on the title of Auburn Plaza's real property, or its ability to mortgage the same."[4]

In its statement of additional material facts, the Bank states a range of facts meaning to show that Mr. Goodman was "dissociated" as a member at the time of the Massachusetts injunction and/or that the LLC was actually dissolved.[5] Auburn Plaza admits all of these facts, but they are not material to the issues on summary judgment. It seems that the Bank is trying to undermine Mr. Goodman's affidavit by showing that he is no longer a member or manager, but it does nothing to impugn his personal knowledge of the relevant facts. Rule 56 directs, "affidavits shall be made on personal knowledge . . . and shall show affirmatively that the affiant is competent to testify to the matters stated therein." M.R. Civ. P. 56(e). Mr. Goodman attests that the facts in his affidavit are derived from his own personal knowledge of Auburn Plaza's business, as well as his review and understanding of the records of the company. Whether he should have been acting as manager and whether Auburn Plaza should have been conducting business at that time

---

[4] Count II alleges that the act of recording constituted slander of title "inasmuch as the Order should have no effect on real property in Maine." Count III alleges that the Bank is liable for interference with a contract or prospective economic advantage.

[5] Specifically, in opposing the injunction as part of the Massachusetts litigation, Auburn Plaza maintained that Mr. Goodman held a 25% ownership interest in the LLC. In January 2013, however, Auburn Plaza sued the Bank in a separate suit alleging that Auburn Plaza was arranged in such a fashion that Mr. Goodman was "dissociated" as a member at the time of the injunction. At that time, Mr. Goodman had a 50% ownership interest in an entity called GFI Auburn Member, LLC, which in turn had a 50% ownership interest in Auburn Plaza. Under the terms of Auburn Member's operating agreement, Mr. Goodman would have been dissociated as a member of Auburn Member and unable to act as a manager. With Mr. Goodman dissociated, Auburn Member should have been dissolved, which would cause Auburn Plaza to dissolve.

have nothing to do with his personal knowledge, and the Bank does not actually question his personal knowledge.

## STANDARD OF REVIEW

Summary judgment is appropriate when review of the parties' statements of material facts and the record evidence demonstrate that there is no dispute over any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733. Put differently, summary judgment is a "procedural mechanism" suitable for resolving "those matters that may be decided without fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18.

## DISCUSSION

Count I for declaratory judgment really contains two separate requests: First, a declaration that the Bank improperly recorded the Massachusetts injunction, and second, a declaration that the injunction "has no effect on the title of Auburn Plaza's real property, or its ability to mortgage the same."

As to the second part of the inquiry – whether the Massachusetts injunction affects title to Auburn Plaza's real property – Mr. Goodman's interest in Auburn Plaza does not include an interest in its real estate. The only interest that matters in this context is that which could be transferred between parties as a mode of recovery. In LLC parlance, this is the "transferrable interest." 31 M.R.S.A. § 1571. "On application to a court of competent jurisdiction by any judgment creditor of a member or transferee [of a LCC], the court may charge the *transferable interest* of the judgment debtor with payment of the unsatisfied amount of the judgment with interest." 31 M.R.S.A. § 1573(1) (emphasis added). A member's "transferable interest" is defined as "the right, as originally associated with a person's capacity as a member, to receive distributions from a limited liability company in

4

accordance with the limited liability company agreement, whether or not the person remains a member or continues to own any part of the right." *Id.* § 1502(29). Directly on point: "a judgment creditor . . . has no right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of a limited liability company." *Id.* § 1573(6).

This means that if the Bank recovers from Mr. Goodman in the Massachusetts litigation, it may be entitled only to his "transferable interest" – essentially distributions – and not the property of the LLC itself. It would be nonsensical to interpret the Massachusetts injunction as encompassing a broader interest than that to which the Bank would be entitled if it prevails. Thus, where the Massachusetts injunction freezes Mr. Goodman's "interest in" Auburn Plaza, it does not affect title to the company's real property or its ability to mortgage the same.

Furthermore, the Bank has not pointed to any "other asset which [Auburn Plaza] may hold for the benefit of Steven E. Goodman," as described by the Massachusetts injunction. An LLC does not hold its assets "for the benefit of" its members. That is a core purpose of forming an LLC.

As to the first inquiry – whether the recording was proper – the Bank must comply with the Uniform Enforcement of Foreign Judgments Act because recording the Massachusetts injunction is a form of enforcement. 14 M.R.S.A. §§ 8003, 8004. This includes filing the judgment with a clerk of District or Superior court, and providing appropriate contact information so that the court can provide notice to the affected parties. *Id.* "No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until 30 days after the date the judgment is filed." *Id.* The Bank concedes that it did not submit to the jurisdiction of any Maine court under the Enforcement Act

5

before recording the Massachusetts injunction. The Bank did not comply with the Enforcement Act, and, thus, the recording is invalid.

Furthermore, the recording is inappropriate because in this case it can only accomplish a misguided result. The Court recognizes that there is nothing in the recording statute that expressly prohibits this sort of recording.[6] However, the ordinary purpose of recording is to track title to real property, and the Court determined that Mr. Goodman's interest consists only of his transferrable interest and *not* any interest in Auburn Plaza's real property or other assets. Recording was not the proper mechanism to attach Mr. Goodman's transferrable interest in Auburn Plaza.

The entry is:
The Court GRANTS the Plaintiff's motion for partial summary judgment.

_____6/24/13_____
DATE

_____
SUPERIOR COURT JUSTICE

---

[6] "Registers shall receive and record all . . . copies of judgments and decrees certified by the clerk of courts in the county where the complaint is pending or the judgment or decree is rendered." 33 M.R.S.A. § 654.

GFI AUBURN PLAZA REALTY LLC - PLAINTIFF

Attorney for: GFI AUBURN PLAZA REALTY LLC
PATRICK D THORNTON  - RETAINED
MONAGHAN LEAHY LLP
95 EXCHANGE ST
PO BOX 7046
PORTLAND ME 04112-7046


vs
WEBSTER BANK NA - DEFENDANT

Attorney for: WEBSTER BANK NA
CHRISTOPHER P MULLIGAN  - RETAINED 12/31/2012
BOSEN & SPRINGER PLLC
96 CHESTNUT STREET
PORTSMOUTH NH 03801

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2012-00187


DOCKET RECORD

Filing Document: COMPLAINT          Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 12/13/2012

## Docket Events:

12/13/2012 FILING DOCUMENT - COMPLAINT FILED ON 12/13/2012

12/13/2012 Party(s):  GFI AUBURN PLAZA REALTY LLC
           ATTORNEY - RETAINED ENTERED ON 12/13/2012
           Plaintiff's Attorney: PATRICK D THORNTON

12/13/2012 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/13/2012

12/13/2012 Party(s):  GFI AUBURN PLAZA REALTY LLC
           MOTION - MOTION PRELIMINARY INJUNCTION FILED ON 12/13/2012
           WITH DRAFT ORDER

12/17/2012 Party(s):  WEBSTER BANK NA
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 12/17/2012
           CHRISTOPHER MULLIGAN

12/17/2012 Party(s):  WEBSTER BANK NA
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/17/2012
           OBJECTION TO REQUEST FOR TEMPORARY RESTRAINING ORDER

12/31/2012 Party(s):  WEBSTER BANK NA
           RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 12/31/2012

12/31/2012 Party(s):  WEBSTER BANK NA
           ATTORNEY - RETAINED ENTERED ON 12/31/2012
           Defendant's Attorney: CHRISTOPHER P MULLIGAN

12/31/2012 ORDER - SCHEDULING ORDER ENTERED ON 12/31/2012
           MARYGAY  KENNEDY , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL